Margaret F. Sutton v. Commissioner.
Sutton v. Commissioner
Docket No. 1683.
United States Tax Court
1944 Tax Ct. Memo LEXIS 11; 3 T.C.M. (CCH) 1297; T.C.M. (RIA) 44398; December 12, 1944
*11 W. F. Peter, Esq., for the petitioner. David F. Long, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: A deficiency of $70 in 1941 income tax was determined as the result of the Commissioner's denial of (1) a personal exemption as head of a family, "for the reason that it has not been shown that you actually supported and maintained in one household one or more dependent individuals in 1941 as provided by Section 25 (b) (1) of the Internal Revenue Code", and (2) a credit of $400 for one dependent "for the reason that you did not furnish the chief support during the taxable year of the person claimed as dependent as provided by Section 25 (b) (2) of the Internal Revenue Code". The taxpayer assails both these determinations. She is an unmarried woman and lives in Chicago, Illinois, where she filed her individual income tax return for 1941. [The Facts] Petitioner was divorced from her husband in 1935 and has two minor children who live with her in a small apartment. He lives in Colorado. She is employed by the Chicago, Rock Island & Pacific Railway Company at a salary of $1,575.48. She receives $900 a year from her former husband pursuant to the Superior *12 Court decree requiring him to pay her $37.50 a month for the support of each of the two children. She has no other income. To take care of the children while she is away from home engaged in her daily employment with the railroad, petitioner employed a housekeeper and paid her $312 in 1941. Petitioner is in full control of her household and assumed responsibility for the children, - their food, clothing, education, and other details of their lives. The cost of the household is entirely to maintain the two children and herself, and the expense of the housekeeper is necessary for the maintenance of the children while petitioner is away engaged in her daily work. The $900 received by petitioner from her former husband is not enough to meet the cost of their livelihood and maintenance, and she supplies the rest from her earnings. The Commissioner starts his argument against the personal exemption credit with the proposition that the father of the children was by the divorce decree made legally responsible for their support and maintenance. This is not so, for the decree did not say that the defendant was responsible but merely required that he should pay to the plaintiff $37.50 a month *13 for the support and maintenance of each child. Nothing in the evidence shows the reason for the amounts stated and it could not be found as a fact that this amount was sufficient for their support. The evidence shows that the $900 was not sufficient and that it had to be supplemented out of the petitioner's income. Since the children were of tender age and lived with their mother, she provided them with food, lodging, education, medical care, housekeeping care, and all the other necessities of living. The total amount of expense for these is estimated by the petitioner from her knowledge and recollection. There is nothing upon which we can base a disbelief of her testimony, and there is no countervailing evidence of conflicting amounts. Certainly her more tentative statements made before the Technical Staff at an earlier day when she had not thought of or investigated the facts as carefully as she did later do not require that her testimony in this proceeding should be rejected. The evidence shows that the taxpayer actually supports and maintains in one household one or more individuals who are closely connected with her by blood relationship and that her exercise of family control *14 is based on a moral or legal obligation. This is within the regulations (Reg. 103, Sec. 19.25-4), and establishes that she is head of a family, and as such is entitled to the personal exemption credit of $1,500. The language of the statute (Section 25) is not to be construed and applied by reference to an exact mathematical equation of the proportion of the household and maintenance expenses to be attributed to each member of the family living in the household. It is enough that, in fact, she is head of a family and provides substantially for the support of the family and that the minors or dependents are indeed dependent upon her. There is nothing to indicate that the intendment of the legislation was to set up a precise mathematical standard of individual need and an inquiry whether a child of eleven or six could be adequately maintained by the expenditure of $450 a year when in fact the child is a member of a family which is otherwise entirely dependent on the taxpayer and she recognizes her obligation to support, and is recognized as the responsible head of the family. The petitioner claims the credit of $400 for one dependent receiving his chief support from her. In the deficiency *15 notice the explanation of the Commissioner's disallowance of this credit is that the taxpayer did not furnish the chief support of a child. This the taxpayer assails. Thus this issue, like the other, is one of fact. The evidence establishes that all but a small part of the total income of petitioner and the $900 received from the father for the children was used in maintaining the family household. The small part which was not so used was the part which the taxpayer spent for her own personal needs, which she estimates from recollection to be about $164. There is no need to attempt a mathematical apportionment in reaching the conclusion that one child receives its chief support from the petitioner. This is enough under the statute to entitle the taxpayer to the credit of $400 which she claims. The determination is reversed and it is held that the petitioner is entitled to both the credit of $1,500 as head of a family and the credit of $400 for one dependent. Decision will be entered for the petitioner.